UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| APRIL FERGUSON et al., <br><br> Plaintiff, <br> v. <br><br> NORTH KITSAP SCHOOL DISTRICT et al., <br><br> Defendant. | CASE NO. 3:23-cv-05921-DGE <br><br> ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 31), MOTIONS TO APPOINT COUNSEL (DKT. NOS. 32, 37), AND RELATED AMENDMENTS AND PRAECIPES (DKT. NOS. 34, 35, 36) |

**I   INTRODUCTION**

This matter comes before the Court on Plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 31); Plaintiffs' praecipe to that motion (Dkt. No. 36); Plaintiffs' first motion to appoint counsel (Dkt. No. 32); Plaintiffs' amendments and praecipes to that motion (Dkt. Nos. 34, 35); and Plaintiffs' second motion to appoint counsel (Dkt. No. 37).

**II   BACKGROUND**

Plaintiffs April Ferguson and Chadwick Ferguson commenced this action on October 12, 2023, advancing claims on their own behalf and on behalf of their minor son, M.F.  (Dkt. No. 1.)

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 31), MOTIONS TO APPOINT COUNSEL (DKT. NOS. 32, 37), AND RELATED AMENDMENTS AND PRAECIPES (DKT. NOS. 34, 35, 36) - 1

1  Proceeding pro se, Plaintiffs were granted leave to file *in forma pauperis* on November 21, 2023.

2  (Dkt. No. 6.) Plaintiffs' Amended Complaint sought review of an Administrative Law Judge's

3  ("ALJ") ruling on Plaintiffs' claim that M.F. was denied a Free Appropriate Public Education

4  ("FAPE") under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400

5  *et seq.* (*See* Dkt. No. 18 at 100) ("[Defendants] failed to provide appropriate responses to

6  student with a disabilities diagnosis and trauma related behaviors as well as in accordance with

7  Behavior [sic] plans and IEP, procedural safeguards were not followed, parental involvement and

8  participation was not followed and or diminished, student and his parents while advocating for

9  his educational rights under the IDEA and disability rights act [sic] was harassed and retaliated

10 against continuously, district failed to place child in least restrictive environment."). The

11 Complaint also advanced multiple causes of action on behalf of the Ferguson parents and M.F.,

12 including retaliation against the Ferguson parents in violation of the Americans with Disabilities

13 Act ("ADA") and § 504 of the Rehabilitation Act; common law defamation of the Ferguson

14 parents; and negligence on behalf of M.F. (*Id.* at 100–106) ("Plaintiffs assert that Defendants'

15 negligence was the proximate cause of the educational harm suffered by M.F.").

16      On May 24, 2024, the Parties notified the Court that a settlement agreement had been

17 reached. (Dkt. No. 26 at 1.) On August 26, 2024, Plaintiffs filed a stipulated motion to appoint a

18 guardian ad litem for minor settlement. (Dkt. No. 27.) Although Plaintiffs sought to "clarify"

19 that "the tort claims were made primarily on behalf of Plaintiff's [sic] Chadwick and April

20 Ferguson in their own right to seek damages," they nevertheless petitioned the Court to "appoint

21 a minor settlement guardian In [sic] compliance with Local Civil Rule 17(c) because, in the

22 settlement agreement, we are waiving or covenanting not to sue on behalf of our son or bring any

23 further action regarding the issues in the complaint." (*Id.* at 2–3.) Indeed, the Settlement

24

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 31), MOTIONS TO APPOINT COUNSEL (DKT. NOS. 32, 37), AND RELATED AMENDMENTS AND PRAECIPES (DKT. NOS. 34, 35, 36) - 2

Agreement appended to the motion clearly releases "all claims" that "have been or could have been alleged in the Lawsuit based on alleged actions or inactions that occurred[.]" (*Id*. at 9.) Accordingly, the purported Agreement encompasses M.F.'s negligence claim, the claims at issue in the appeal of the ALJ decision, and any other claims M.F. could raise based on the factual allegations in Plaintiffs' Complaint.

On September 10, 2024, the Court denied the Parties' motion to appoint a settlement guardian ad litem because "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). (Dkt. No. 30 at 1.) Accordingly, the Court directed Plaintiffs to obtain an attorney no later than October 10, 2024, to represent M.F. (*Id*. at 1–2.) The Court further instructed Plaintiffs that they could, alternatively, request that the Court refer the matter to the district's Pro Bono Panel for consideration and possible appointment of counsel for M.F. (*Id*. at 2.)

On September 18, 2021, Plaintiffs moved for leave to file a second amended complaint. (Dkt. No. 31.) Plaintiffs state that they had intended to remove M.F. from the negligence claim and that any claims brought on behalf of M.F., other than in the administrative appeal, were in error. (*Id*. at 22) ("The inclusion of M.F. in the causes of action after the first amended complaint was an unintentional error and [] removing him resolves legal complexities."). Thus, Plaintiffs seek leave to "clarify [their] intent to represent [M.F.] solely in the IDEA ALJ orders review matter" by amending the complaint and removing causes of action brought on behalf of M.F. (*Id*. at 21.)

Also on September 18, 2024, Plaintiffs filed a motion "for referral to the district's pro bono panel for consideration and appointment of pro bono counsel and affirmation of parental right to represent minor M.F. in review of ALJ orders[.]" (Dkt. No. 32.) Plaintiffs request that

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 31), MOTIONS TO APPOINT COUNSEL (DKT. NOS. 32, 37), AND RELATED AMENDMENTS AND PRAECIPES (DKT. NOS. 34, 35, 36) - 3

the Court confirm "their right to represent their minor child, M.F., in the review of the ALJ orders." (*Id*. at 2.) Plaintiffs then appear to argue that if the Court grants the motion to file a second amended complaint (Dkt. No. 31) then M.F. will not require legal representation, because pro se parents can appeal ALJ decisions under the IDEA. (*Id*. at 2) ("This motion may become moot if the court hears this motion at the same time as our other motion for leave to file the second amended complaint and grants that motion since that motion clarifies the intent to have minor only as a plaintiff in the review of the ALJ orders."). Ultimately, Plaintiffs conclude "in the event that [the] motion [to file a second amended complaint] is not granted then we will need an appointment of counsel." (*Id*.)

On September 30, 2024, Defendants filed a response to Plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 38) and a response to Plaintiffs' motion for referral to the pro bono panel (Dkt. No. 39). Defendants do not "believe that the proposed filing of a Second Amended Complaint is the appropriate mechanism to 'correct' the errors identified in the Motion, particularly at this stage of the proceedings." (Dkt. No. 38 at 2.) However, Defendants support Plaintiffs' assertion that Plaintiff may proceed without obtaining counsel for M.F. (*Id*. at 3.). Defendants conclude: "to the extent that Parents are solely pursuing and seeking to enforce the independent rights granted to them under IDEA in this action, Defendants respectfully submit that it is not necessary for Parents to file a Second Amended Complaint and that the appointment of counsel to represent M.F. is unnecessary in these circumstances." (*Id*. at 3). Defendants do not address Plaintiffs' negligence claim or the language of the Settlement Agreement. (*See generally* Dkt. Nos. 38 and 39). Instead, Defendants emphasize that "Defendants' understanding of Plaintiffs' Amended Complaint and related pleadings—when liberally construed . . . and based on Parents representations—is that Parents are appealing the findings and decision by [sic]

Administrative Law Judge [] in their individual capacities, as they are permitted to do under the IDEA." (*Id*. at 2.)

On October 9, 2024, Plaintiffs filed a reply to each of Defendants' responses (Dkt. Nos. 40, 41). Plaintiffs "confirm that the claims are brought in their individual capacities, with the only claim on behalf of M.F. being the review of the ALJ order under the IDEA." (Dkt. No. 40 at 2.) Accordingly, "Plaintiffs do not believe that appointing counsel will be necessary if the Motion for Leave to File a Second Amended Complaint is granted." (Dkt. No. 41 at 3.) However, "in the event that the Court finds counsel is required, Plaintiff requests that the Court grant the motion for appointment of counsel." (*Id*. at 4.)

### III  DISCUSSION

The Ninth Circuit has confirmed that "[p]arents may proceed pro se when asserting their own rights related to the alleged denial of a FAPE." *AAA by Abdul-Alim v. Clark Cnty. Sch. Dist*., No. 22-16935, 2024 WL 3292728, *2 (9th Cir. July 3, 2024). This finding follows from the Supreme Court's holding that the "IDEA grants parents independent, enforceable rights" that "encompass the entitlement to a free appropriate public education for the parents' child." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist*., 550 U.S. 516, 533 (2007). Contrary to Defendants' tortured characterization, however, this caselaw does not cabin or undermine the rule that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, 114 F.3d at 877; *see also AAA*, 2024 WL 3292728 at *2 (dismissing without prejudice student's claims because the parents could not represent the student pro se). The issue in *Winkelman* was whether parents have a separate, individual statutory right; the Supreme Court's finding that they do has no bearing on whether parents may bring or appeal IDEA claims on *behalf* of their children pro se. Indeed, Defendants do not put forward any caselaw that

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 31), MOTIONS TO APPOINT COUNSEL (DKT. NOS. 32, 37), AND RELATED AMENDMENTS AND PRAECIPES (DKT. NOS. 34, 35, 36) - 5

suggests that parents, acting pro se, can represent their child—as opposed to themselves—in an appeal of an ALJ's decision.[1]

Defendants' remarkable assertion that "[M.F.'s] [p]arents are solely pursuing and seeking to enforce the independent rights granted to them" (Dkt. No. 39 at 3) is undermined by Plaintiffs' own statement that "the review of the ALJ order under the IDEA" is a "claim on behalf of M.F." (Dkt. No. 40 at 2.)  Plaintiffs repeatedly state that they are representing M.F. in the administrative appeal.  Moreover, the Settlement Agreement clearly establishes that it is "made by and between Plaintiffs [M.F.], a minor; [and] April Ferguson and Chadwick Ferguson, individually and as parents and guardians of [M.F.]."  (Dkt. No. 27 at 9.)  Because the Settlement Agreement "expresses the full and complete settlement of any and all pending or possible claims Plaintiffs have or may have against Defendants," it encompasses any claims that M.F. brought or might bring against Defendants, including the common law negligence claim in Plaintiffs' complaint.

A parent cannot settle a pro se lawsuit on behalf of a minor without counsel, as a parent cannot bring a pro se lawsuit on behalf of a minor without counsel.  *See Johns*, 114 F.3d at 877.  Accordingly, the Parties may not proceed with the current Settlement Agreement so long as M.F. goes unrepresented.  It appears that the Parties have two discrete courses of action they may choose to adopt.  First, the Parties can re-negotiate and modify their Settlement Agreement to clarify and confirm that any claims M.F. may have are specifically excluded from the Settlement Agreement.  In that case, the Court will grant the Ferguson Parents' motion to file a new

---

[1] The Court notes that Plaintiffs have not provided the Court with the administrative record or the ALJ's decision in this matter, as they should have done when they commenced this action.  The Parties must ensure that the records of the administrative proceedings and the ALJ's final decision are filed expeditiously.

ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 31), MOTIONS TO APPOINT COUNSEL (DKT. NOS. 32, 37), AND RELATED AMENDMENTS AND PRAECIPES (DKT. NOS. 34, 35, 36) - 6

amended complaint that asserts claims brought only on the Ferguson Parents' behalf. Alternatively, if the Ferguson Parents' in fact seek to include M.F.'s individual claims in the purported Settlement Agreement, no further amendment is needed and the Court will seek to appoint counsel for M.F. At that point, the suit can proceed to settlement after M.F.'s representation has reviewed the Settlement and agreed to its terms.

## IV    CONCLUSION

IT IS HEREBY ORDERED that the Parties have until November 12th, 2024, to confer and respond to the issues raised in this Order. The Ferguson Parents SHALL inform the Court by November 12, 2024 if the they plan on filing their proposed amended complaint thereby confirming their claims are brought only on their behalf. In such case, the Ferguson Parents SHALL then file their new amended complaint by November 15, 2024. If the Ferguson Parents choose not to file an amend complaint removing M.F.'s potential claims, the Court will proceed with attempting to obtain pro bono counsel. Upon being informed of the Ferguson Parent's position, the Court will schedule a status hearing, after which it will dispose of the pending motions in this matter.

The Clerk is directed to calendar these events.

Dated this 22nd day of October, 2024.

David G. Estudillo
United States District Judge